## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TROY DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 04-1475** |
| **N. BURL CAIN** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Petitioner Troy Davis's Motion for New Trial (Doc. 19).  For the following reasons, the Motion is DENIED.

## BACKGROUND

Petitioner Troy Davis was convicted of second degree murder in Louisiana state court and his conviction was affirmed by the Louisiana Fourth Circuit Court of Appeal on October 22, 1997.  Davis filed two state petitions for habeas relief that were denied by the trial, appellate, and Louisiana Supreme Courts.  On May 24, 2004, Davis filed a Petition for Writ of Habeas Corpus with this Court, seeking relief from his conviction on the grounds that he had recently discovered that one of the witnesses in his trial had been paid to testify.  On July 21, 2005, this Court denied Davis's petition for relief under 28 U.S.C. § 2244(d)(1)(D), finding that Davis had failed to file an application

1

within the one-year limitation period from when he should have discovered the new factual information. A judgment was entered on July 25, 2005 dismissing Davis's petition for post-conviction relief under 28 U.S.C. § 2254.

On December 10, 2015, Petitioner sought authorization from the Fifth Circuit to file a successive habeas petition presenting claims of ineffective assistance of counsel. The Fifth Circuit denied this application. On February 16, 2016, Davis filed the instant Motion for Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) before this Court, seeking the reversal of the denial of his habeas petition.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a party may file a Motion to Alter or Amend a Judgment within 28 days of the entry of the judgment. Petitioner's Motion—filed more than ten years after judgment was entered—falls far outside this time period. Motions filed outside the time period allowed for Rule 59 motions, however, may be considered under Rule 60(b).[1] While the scope of Rule 59(e) is unbounded, "Rule 60(b) relief may be invoked . . . only for the causes specifically stated in the rule."[2] Pursuant to Rule 60, there are six reasons for which this Court is authorized to grant relief from final judgment. The first three reasons, however, carry a limitation period of one year. Because Petitioner's Motion has been filed outside of that time period, only the remaining three—which must be brought within a reasonable time—can be utilized. The applicable causes for relief—Rule 60(b)(4),(5), and (6)—include:

(4) the judgment is void;

---

[1] *Texas A&M Research Found. V. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).
[2] *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2012) (alteration in original) (internal citations and quotation marks omitted).

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Rule 60(b)(6) appears to be the only cause relevant to Petitioner's motion. Rule 60(b)(6) has been described as a "residual clause used to cover unforeseen contingencies," and as "a means for accomplishing justice in exceptional circumstances."[3] "Rule 60(b) relief will only be afforded in 'unique circumstances.'"[4] The decision of whether to grant or deny a Rule 60(b) motion is within this Court's sound discretion.

## LAW AND ANALYSIS

Respondent argues that Petitioner's Motion should be denied because it "runs afoul of the prohibition against unauthorized successive petitions."[5] The Supreme Court addressed this question in *Gonzalez v. Crosby*, holding that the first step in determining whether a 60(b) motion is a successive habeas petition is to determine whether the petitioner's 60(b) motion contains "claims" as defined by § 2254(b).[6] Section 2254 precludes the filing of second or successive habeas petitions to the extent that they raise claims that have already been adjudicated or that do not rely on new laws or facts.[7] Accordingly, petitioners cannot be permitted to use Rule 60(b) to circumvent this rule.[8] In *Gonzalez*, the Supreme Court stated that "a Rule 60(b)(6) motion in a § 2254 case is not

---

[3] *Shoemaker v. Estis Well Serv., L.L.C.*, No. 14-163, 2015 WL 4875467, at *13 (E.D. La. Aug. 12, 2015).

[4] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350,357 (5th Cir. 1993) (quoting *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)).

[5] Doc. 26.

[6] *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

[7] *Id.*

[8] *Id.*

to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."[9]   "A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits."[10]  A 60(b) motion will not be considered to be a "claim," however, when it merely attacks some defect in the integrity of the federal habeas proceeding.  Accordingly, this Court must consider the grounds for Petitioner's Motion.

Petitioner originally filed the instant Motion *pro se*, raising arguments involving the completeness of the record available to him in seeking post-conviction relief.  Petitioner argues that the adverse party erred in failing to produce documents of his trial testimony and that this failure prevented him from fully presenting his case.  He also argues that the court reporters failed to comply with state law requirements to fully record his trial.

Subsequent to his *pro se* filing, Petitioner retained counsel who supplemented Petitioner's Motion.  In this supplement, Petitioner's counsel argues that this Court erred in denying Petitioner's Habeas Petition as untimely on the grounds that Petitioner's trial counsel did not act diligently in discovering the new information at issue.  Second, Petitioner's counsel argues that Petitioner's defaulted claim should be excused because he did not have access to capable counsel in filing such.

Clearly, the arguments raised by both Petitioner *pro se* and his attorney attempt to assert new arguments regarding why Petitioner should be entitled to habeas relief or attempt to attack this Court's denial on the merits.  These arguments constitute claims under § 2254 and are barred by the prohibition against successive habeas petitions.

---

[9] *Id.* at 538.
[10] *Id.* at 532.

4

Even assuming, arguendo, that Petitioner's Motion is not a prohibited attempt to file successive habeas petitions, this Motion—filed more than ten years after judgment was entered—is certainly untimely. A 60(b)(6) motion must be brought "within a reasonable time."

> The Fifth Circuit instructs that "[a] district court is provided wide discretion in determining whether a Rule 60(b) motion is filed within a reasonable time." In this inquiry, the "particular facts of the case in question" determine whether a motion has been timely filed. Further, in determining whether a motion has been filed within a reasonable time, the Fifth Circuit instructs that district courts should consider: (1) "the interest in finality;" (2) "the reason for delay;" (3) "the practical ability of the litigant to learn earlier of the grounds relied upon;" and (4) "prejudice to other parties.[11]

Petitioner has not given any explanation for the protracted delay in the filing of his 60(b) motion, nor has he raised any arguments that could not have been raised at an earlier time. In the interest of finality, this Court therefore holds that Petitioner's Motion is untimely.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to alter or amend is DENIED.

New Orleans, Louisiana this 22nd day of September, 2016.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[11] *Shoemaker v. Estis Well Serv., L.L.C.*, 122 F. Supp. 3d 493, 515 (E.D. La. 2015) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994).